UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. GOTTLIEB, Individually and on Behalf of All Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 20-10509-DJC<br>)<br>)<br>)<br>)<br>) |

ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Docket No. 41]

May 7, 2021

Boal, M.J.

Defendant Amica Mutual Insurance Company ("Amica") has moved for a protective order prohibiting plaintiff Peter Gottlieb from (1) seeking discovery regarding his dismissed claims; (2) seeking class discovery; and (3) seeking discovery of information which is unrelated to any allegation he has made in the complaint. Docket No. 41.[1]  For the following reasons, I grant in part and deny in part the motion.

I.   RELEVANT BACKGROUND

On January 31, 2020, Gottlieb filed this putative class action in Massachusetts Superior Court. See Docket No. 15 at 11-25. Amica removed the action to this Court on March 12, 2020. Docket No. 1. Gottlieb alleges that Amica has charged him and other homeowners who are Amica insurance policyholders excessive and unsupported premium increases based on

---

[1] On April 13, 2021, Judge Casper referred the motion to the undersigned. Docket No. 49.

purported increases in reconstruction costs.  Gottlieb asserted five claims against Amica arising from Amica's alleged excessive premium increases: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) money had and received; and (5) unfair or deceptive acts under M.G.L. c. 93A.

On December 21, 2020, Judge Casper granted in part and denied in part Amica's motion to dismiss.  Docket No. 24.  Specifically, Judge Casper dismissed the breach of contract and breach of the implied covenant of good faith and fair dealing claims.  Id. at 4-6.  She dismissed the Chapter 93A claim to the extent that it was based on the breach of contract and/or breach of the implied covenant of good faith and fair dealing but allowed it to proceed only to the extent that it relied upon the conduct underlying the unjust enrichment and money had and received claims.  Id. at 9.

On January 19, 2021, Judge Casper held a scheduling conference.  Docket No. 32. Gottlieb proposed an eight-and-a-half month discovery period for the parties to conduct discovery on Gottlieb's individual and the putative class claims.  Docket No. 30 at 4.  Amica, on the other hand, proposed filing a motion for summary judgment first.  Id. at 5.  Should Amica's motion for summary judgment be denied, then it requested phased discovery with a three-month period for discovery of Gottlieb's individual claim first and, then, if necessary, a six-month period for class discovery.  Id. at 5-6.

At the end of the scheduling conference, Judge Casper took the matter under advisement stating:

> This may be a case - - and I understand the plaintiff's position - - this may be a case where I think that it is appropriate to proceed with discovery as to the individual plaintiff ahead of the class, but I want to give that a little more thought, but I'll keep the intervals that were suggested on either side in mind when I adopt that schedule.

Docket No. 38 at 11-12.  On January 22, 2021, Judge Casper entered the following order:

> Having considered the parties' joint statement as to the further deadlines to be set, and as a supplement to the schedule adopted in D. 32, the Court further orders as follows: fact discovery shall be completed by May 12, 2021.  Summary judgment motions must be filed by 6/12/2021 (and may be filed before this date) and opposition shall be due 21 days after the motion is filed.  Status Conference set for 5/17/21 02:00 PM in Courtroom 11 before Judge Denise J. Casper.

Docket No. 33.

On March 11, 2021, Gottlieb filed a motion for leave to file an amended complaint, which sought to change the proposed class from Massachusetts residents only to residents of all fifty states.  Docket No. 36.  Gottlieb also explained that the dismissed counts had been left in the proposed amended complaint "to preserve and clarify Plaintiff's right in the event of any subsequent appeals."  Id. at 3, n. 2.  Judge Casper allowed the motion for leave to file an amended complaint over Amica's opposition, stating that:

> The Court does not conclude that the amendments would be futile (where Plaintiff has noted that he has included Counts I and II only to preserve their objection to the Court's dismissal of same for any appeal, D. 36-1 at 1 n. 1, and these Counts will not be pressed in light of that dismissal) and where the Court does not conclude that amendment at this time prejudices Defendant.

Docket No. 45.

On March 29, 2021, Amica filed the instant motion.  Docket No. 41.  Gottlieb filed an opposition on April 9, 2021.  Docket No. 48.  I heard oral argument on May 5, 2021.

II.   ANALYSIS

   A.   Standard Of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense" in connection with discovery requests. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). "As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order." Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990) (citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)). The party seeking a protective order has the burden of demonstrating good cause. See Anderson, 805 F.2d at 7-8 (citations omitted).

      B.      Gottlieb May Not Conduct Class Discovery Pending Resolution Of Amica's Anticipated Motion For Summary Judgment

This Court has discretion to bifurcate this case so that discovery and dispositive motions on Gottlieb's individual claims take place before allowing discovery on class issues. See Deleon v. Time Warner Cable LLC, No. 09-2438, 2009 WL 10674767, at *1 (C.D. Cal. Nov. 2, 2009); see also Chow v. SentosaCare, LLC, No. 19-CV-3541-FB-SJB, 2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020) ("It is true that where the named plaintiff's claim is subject to dispositive motions, delaying class discovery is often appropriate."). Indeed, Judge Casper's comments at the scheduling conference as well as the scheduling order entered in this case indicate that she has already determined that it is appropriate to proceed in this manner in this case. For example, she picked the shorter time period for fact discovery consistent with Amica's

proposal for plaintiff discovery only. Therefore, I find that Gottlieb may not conduct class discovery at this stage.

      C.      Relevance

Amica argues that Gottlieb is not entitled to any discovery regarding its dismissed contractual claims. Docket No. 42 at 4-9. Amica takes too narrow a view of relevance. Though the contractual claims have been dismissed, there is overlap in the factual allegations relevant to both dismissed and non-dismissed claims.

For example, Amica argues that the Endorsement is not relevant because Judge Casper found that the "Endorsement in the 2015-2016 Policy does not govern Amica's ability to increase coverage limitation in the 2016-2017 Policy" and that neither the 2015-2016 Policy nor the 2016-2017 Policy "guarantee him another coverage limit or require a particular calculation procedure." Docket No. 42 at 6. However, in connection with his unjust enrichment claim, Gottlieb alleges that Amica artificially inflated increases in premiums based on purported increases to reconstruction costs and that it would be inequitable for Amica to retain the alleged overcharge in payments where the calculation of the same is undisclosed and exceeds reasonably expected rates. See Docket No. 24 at 7. The Endorsement therefore remains relevant to Gottlieb's unjust enrichment claims.

Amica also argues that several of Gottlieb's discovery requests seek irrelevant information because they are unrelated to his allegations. Docket No. 42 at 18-19. To the extent that Amica argues that in order to be relevant, information needs to have been specifically alleged in the complaint, see, e.g., Answer to Interrogatory No. 7,[2] that view of relevance is also too narrow. Accordingly, within two weeks, Amica shall provide further answers to Gottlieb's

---

[2] See Docket No. 42-1 at 10.

interrogatories and requests for production of documents consistent with this opinion. In addition, within two weeks, Gottlieb shall serve a revised notice of Rule 30(b)(6) deposition of Amica consistent with this opinion. If the parties still have disputes about the applicability of this Court's decision to specific requests or topics of examination, they shall first confer in an effort to resolve those disputes before filing any further motions. The parties are also reminded of their obligation to confer in good faith about the matters for examination pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

III.    ORDER

For the foregoing reasons, I grant in part and deny in part Amica's motion for a protective order as set forth herein.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE
